I concur because the seizure in this case was accomplished by a school official and a police officer. That officer necessarily required reasonable suspicion to engage in what, in this instance, amounted to a Terry-stop type seizure. See Terry v. Ohio, 392 U.S. 1, 20 L. Ed. 2d 889,88 S. Ct. 1868 (1968). I do not agree, however, that the same result would be reached if the school administrator had acted alone. It is clear that, while the fourth amendment applies to school officials, it does not have the same effect in a school context as it does in an ordinary street encounter between police and citizens. See New Jersey v. T.L.O.,469 U.S. 325, 83 L. Ed. 2d 720, 105 S. Ct. 733 (1985). The need to provide a safe and orderly environment conducive to learning means that school officials must be given more leeway in questioning students than would be appropriate in other circumstances. In T.L.O. the Supreme Court applied a relaxed "reasonableness" standard to searches by school officials. Significantly, T.L.O. was a search case which would have required probable cause if it had occurred elsewhere, not a Terry-stop type seizure case, which requires only reasonable suspicion in any
context.
My point is that "reasonableness," for purposes of the fourth amendment and T.L.O., must vary according to the intrusiveness of the challenged action. A search of a student's belongings, being fairly intrusive, requires something approaching reasonable suspicion. See People v.Dilworth, 169 Ill. 2d 195, 661 N.E.2d 310 (1996) (equating T.L.O.
"reasonableness" standard with reasonable suspicion). A much less intrusive Terry-type seizure, on the other hand, would require significantly less justification. I believe the tip in this case, although *Page 778 
anonymous, was sufficiently detailed to warrant such an investigation by school officials. However, because of the police officer's involvement in this case, reasonable suspicion was required. Based on Florida v. J.L.,529 U.S. 266, 146 L. Ed. 2d 254, 120 S. Ct. 1375 (2000), I agree that standard was not met. I therefore concur.